UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY THOMPSON TANSY, et al., | ) ) |
| Plaintiff(s), | ) No. C 05-3494 BZ ) ) **ORDER SCHEDULING** |
| v. | ) **JURY TRIAL AND** ) **PRETRIAL MATTERS** |
| NORTH PACIFIC INSURANCE CO., et al., | ) ) ) |
| Defendant(s). | ) |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1.   <u>DATES</u>

Trial Date: Tuesday, 2/20/2007, 10 days, **at 8:30 a.m.**

Pretrial Conference: Tuesday, 1/30/2007, **at 4:00 p.m.**

Last Day to Hear Dispositive Motions: Wednesday, 11/1/2006

Last Day for Expert Discovery: Friday, 1/26/2007

Last Day for Expert Disclosure: Friday, 12/15/2006

Close of Non-expert Discovery: Thursday, 8/31/2006

1

2.    <u>PATRICK TANSY</u>

Patrick Tansy shall within 30 days of the date of this Order notify the Court in writing whether he wishes to terminate his participation, interests or rights in the current action.  If not, he shall decide whether to consent to magistrate judge jurisdiction.  The declination or consent forms may be downloaded from the Northern District website at **http:\\www.cand.uscourts.gov**. under "Forms – Civil."

3.   <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a

1   letter served on all parties not exceeding two pages (with no

2   attachments) which briefly explains the nature of the action

3   and the issues in dispute.   Other parties shall reply in

4   similar fashion within two days of receiving the letter

5   requesting the conference.   The Court will contact the parties

6   to schedule the conference.

7   4.   <u>MOTIONS</u>

8        Consult Civil Local Rules 7-1 through 7-5 and this

9   Court's standing orders regarding motion practice.   Motions

10  for **summary judgment** shall be accompanied by a statement of

11  the material facts not in dispute supported by citations to

12  admissible evidence.   The parties shall file a joint statement

13  of undisputed facts where possible.   If the parties are unable

14  to reach complete agreement after meeting and conferring, they

15  shall file a joint statement of the undisputed facts about

16  which they do agree.   Any party may then file a separate

17  statement of the additional facts that the party contends are

18  undisputed.   A party who without substantial justification

19  contends that a fact is in dispute is subject to sanctions.   A

20  Chambers copy of all briefs shall be submitted on a diskette

21  formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or

22  WordPerfect 5.1 (DOS).

23  5.   <u>MEDIATION</u>

24       By agreement of the parties, this matter has been

25  referred for a Mediation to be conducted by the end of May

26  2006, if possible.   The parties shall promptly notify the

27  Court whether the case is resolved at the Mediation.

28

6.   <u>SETTLEMENT</u>

This case has been referred for assignment to a Magistrate Judge to conduct a settlement conference in the last quarter of 2006 in the event the case is not resolved at the Mediation.  Counsel will be contacted by that judge's chambers with a date and time for the conference.

7.   <u>PRETRIAL CONFERENCE</u>

Not less than thirty days prior to the date of the pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and file trial briefs, motions <u>in</u> <u>limine</u> and statements designating excerpts from discovery that will be offered at trial (specifying the witness and page and line references); (3) exchange exhibits, agree on and number a joint set of exhibits and number separately those exhibits to which the parties cannot agree; (4) deliver all marked trial exhibits directly to the courtroom clerk, Ms. Scott; (5) deliver one <u>extra</u> set of all marked exhibits directly to Chambers; and (6) submit all exhibits in three-ring binders.  Each exhibit shall be marked with an exhibit label as contained in **Attachment 2**. The exhibits shall also be separated with correctly marked side tabs so that they are easy to find.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed at

4

1    pretrial, without leave of Court and for good cause.

2        Lead trial counsel for each party shall meet and confer

3    in an effort to resolve all disputes regarding anticipated

4    testimony, witnesses and exhibits.  All motions in limine and

5    objections to witnesses or exhibits will be heard at the

6    pretrial conference.  Not less than ten days prior to the

7    pretrial conference, the parties shall serve and file any

8    objections to witnesses or exhibits or to the qualifications

9    of an expert witness.  Motions in limine shall be filed and

10   served not less than twenty days prior to the conference.

11   Oppositions shall be filed and served not less than ten days

12   prior to the conference.  There shall be no replies.

13       Not less than twenty days prior to the pretrial

14   conference the parties shall serve and file requested voir

15   dire questions, jury instructions, and forms of verdict.  The

16   following jury instructions from the *Manual of Model Civil*

17   *Jury Instructions for the Ninth Circuit* (1997 ed.) will be

18   given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.3, 3.5-3.8,

19   4.1-4.3.  Do not submit a copy of these instructions.  Counsel

20   shall submit a joint set of case specific instructions.  Any

21   instructions on which the parties cannot agree may be

22   submitted separately.  The Ninth Circuit Manual should be used

23   where possible.  Each requested instruction shall be typed in

24   full on a separate page with citations to the authority upon

25   which it is based.  Proposed jury instructions taken from the

26   Ninth Circuit Manual need only contain a citation to that

27   source.  Any modifications made to proposed instructions taken

28   from a manual of model instructions must be clearly indicated.

1    In addition, all proposed jury instructions should conform to
2    the format of the Example Jury Instruction attached to this
3    Order.  Not less than ten days prior to the pretrial
4    conference, the parties shall serve and file any objections to
5    separately proposed jury instructions.

6        Jury instructions that the Court has given in prior cases
7    may be downloaded from the Northern District website at
8    **http:\\www.cand.uscourts.gov**.  (Instructions are located on
9    the "Judge Information" page for Magistrate Judge Zimmerman.)
10   The Court will generally give the same instructions in cases
11   involving similar claims unless a party establishes, with
12   supporting authorities, that the instruction is no longer
13   correct or that a different instruction should be given.
14   Judicial Council (CACI) instructions generally will be given
15   instead of BAJI instructions.

16       All proposed jury instructions, motions in limine, forms
17   of verdict and trial briefs shall be accompanied by a floppy
18   diskette containing a copy of the document formatted in
19   WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1
20   (DOS).

21       At the time of filing the original with the Clerk's
22   Office, two copies of all documents (but only one copy of the
23   exhibits) shall be delivered directly to Chambers (Room 15-
24   6688).  Chambers' copies of all pretrial documents shall be
25   three-hole punched at the side, suitable for insertion into
26
27
28

1   standard, three-ring binders.

2   Dated:   January 18, 2006

3   _____

4   Bernard Zimmerman
    United States Magistrate Judge

# EXAMPLE PROPOSED JURY INSTRUCTION
## For Chambers of Magistrate Judge Zimmerman

A proposed jury instruction should contain the following
elements in the following order: (1) the name of the party
submitting the instruction; (2) the title of the instruction;
(3) the text of the instruction; (4) the authority for the
instruction; (5) blank boxes for the Court to note whether it
gives the instruction, refuses to give it, or gives it as
modified.  The following proposed instruction contains these
elements.

---

_____'s Proposed Instruction No. \_\_\_\_\_.
(Party)

[Title]

[Text]

[Authority]

_____ GIVEN     _____ REFUSED    _____ GIVEN AS MODIFIED

## **<u>ATTACHMENT 1</u>**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

1
2
3
4
5

    (A)  Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

6
7
8
9
10

    (B)  Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

11
12
13
14
15
16
17

    (C)  Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

18
19
20

    (D)  Further Discovery or Motions. A statement of all remaining motions, including motions in limine.

21

  (4) **Trial Alternatives and Options.**

22
23
24

    (A)  Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

25
26
27

    (C)  Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

28

    (D)  Bifurcation, Separate Trial of Issues. A statement of whether

1                 bifurcation or a separate trial
of specific issues is feasible
2                 and desired.

3      (5) **Miscellaneous.**

4     Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive determination.

**ATTACHMENT 2**

**USDC**
Case No. CV05-03494 BZ
**JOINT** Exhibit No._____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No.  CV05-03494 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No.  CV05-03494 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-03494 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____